The opinion of the court was delivered by
Mabr, J.
This is a suit against husband and wife, on a note drawn by them jointly to their own order, and by them indorsed, secured by mortgage of the same date, March 7,1872.
The petition charges that the wife was separated 'in property from her husband by judgment; but when this was rendered, or in what court, there is nothing in the record to show.
*1107 Default was taken against Violet. Mrs. Violet, after denying all the ^allegations of plaintiff’s petition, except that she signed the note sued on, specially denied her liability for the amount of the note, as it was •given to secure advances made and to be made to her husband ; .and she ■also denies her liability on the mortgage granted to secure the note, alleging that the property mortgaged is paraphernal, and was owned by her before her marriage.
The evidence consists of the note and mortgage, the deposition of Mouton, the mortgagee, and the testimony of Félix Dessan, the father ■of Mrs. Violet, who proves that Violet had no means, to his knowledge.
Mouton testified that the note and mortgage were given to secure advances made and to be made for the plantation of Mrs. Violet; and "that all his dealing was with Violet as agent of his wife. He attached to his deposition an account current, kept in the name of “O. H. Violet, agent,” beginning May 29,1871, footing on the debit side $2100 55, credits §1117 11, balance brought down to May 31,1873, $983 44, with memorandum at the foot, “Hold your mortgage for $1000, as collateral ■security.”
The judge of the district court was of opinion that the evidence was not sufficient to charge Mrs. Violet; and we are of the same opinion.
The B. C. C., 2398, declares that “the wife, whether separated in property by contract or by judgment, or not separated, can not bind herself for her 'husband, nor conjointly with him, for debts contracted by him before or during the marriage.”
The answer of Mrs. Violet puts at issue all the allegations of the petition except that she signed the note. The legal presumption is that ■community exists in all cases, where it is not excluded by contract, or dissolved by judgment: and it is also a legal presumption that all debts contracted during the marriage are debts of the community, for which the wife is forbidden to bind herself or her property.
The fact that Mouton dealt with Violet as agent for his wife by no means proves that he actually was her agent, or that he had authority to bind her. The paraphernal lands of the wife might be cultivated by the husband for his account, or for account of the community; and in neither case would the wife be liable for expenses and debts incurred.
In order to recover of the wife there must be proof that the consideration inured to her separate benefit. Conrad vs. LeBlanc, 29 An. 124, and cases there cited. It is not proven that l\lrs. Violet cultivated any plantation, or that any was cultivated for her accourt and benefit.
There is nothing in the record to rebut the presumption that community existed between Violet and his wife; and that the debt is one for which she is forbidden by law to bind herself or her property.
The judgment appealed from is therefore affirmed with costs.